UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BLADIMIR ZARAGOZA OSORIO,

Petitioner,

v.

TONYA ANDREWS, *et al.*,

Respondents.

Case No. 1:26-cv-06398 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 6

Petitioner Bladimir Zaragoza Osorio filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and application for a temporary restraining order (Dkt. No. 6) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 17. The Court set an expedited briefing schedule, indicating that it intended to rule directly on the underlying petition. *See* Dkt. No. 8. Neither party opposed this in their briefing. For the reasons that follow, the Court GRANTS the petition in part and resolves the TRO as moot.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States at an unknown date and time, and has been living in the country for the last seven years. *Id*. at 6; Dkt. No. 9-1 at 3. He does not allege having involvement with immigration authorities prior to his current detention, and it appears that his recent arrest was his first encounter with them since entering the United States. *See* Dkt. No. 9-1 at 3 (noting that Petitioner has "no pending petition or application" with immigration authorities). On July 29, 2026, Petitioner was detained by ICE at the Madera County Superior Court where he was

appearing to answer charges for driving under the influence. *Id*. at 2. Records submitted by Respondents indicate that Petitioner was served with a "Warrant for Arrest of Alien" at the outset of his arrest along with a Notice to Appear placing him in removal proceedings and charging him as inadmissible under INA § 212(a)(6)(A)(i). *Id*. at 3; Dkt. No. 9-1 at 1. He was scheduled to attend a custody redetermination hearing before an Immigration Judge on August 24, 2026, but chose to withdraw the request after observing that the Immigration Judge had denied bond at every hearing it had completed that morning. Dkt. No. 14 at 3; *see* Dkt. No. 14-1 at 1 (bond order noting that Petitioner's hearing request was "[w]ithdrawn without prejudice").

While acknowledging that *Rodriguez Vazquez v. Bostock* held that 8 U.S.C. § 1226(a) controls detention for non-citizens like Petitioner, Respondents oppose habeas relief on the ground that *Rodriguez Vazquez* is wrong. Dkt. No. 9 at 1; *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, at 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). That argument has no place here. Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), and otherwise has not been previously detained by immigration authorities or interacted with immigration authorities in any way. Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*,

No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence demonstrating that they abided by § 1226(a)'s requirements when detaining Petitioner, and have indeed already scheduled a bond hearing for Petitioner to challenge his custody determination before an Immigration Judge. Additionally, Petitioner's pending criminal case suggests that he may be a danger to the community if released, and he has not otherwise established that he is entitled to release on due process grounds. Respondents, however, must make this showing at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five

days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: September 2, 2026

VINCE CHHABRIA
United States District Judge